145

(No. 81-CC-118)

CHICAGO CHILD CARE SOCIETY, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.

*Opinion filed August 22, 1984.*

MANDEL, LIPTON & STEVENSON, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (MARY MULHERN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This case involves the expenditures for services given to the child of a 14-year-old mother, Djuna Shaw. The child, David Shaw, was born on February 14, 1978, at Cook County Hospital. On February 14, 1978, Djuna Shaw signed an agreement requesting Claimant to place her baby in one of Claimant's boarding homes. Because of a serious medical condition, the child was kept at the hospital until February 28, 1978, at which time Claimant accepted custody and moved him to one of its foster homes.

On March 31, 1978, the mother appeared before Judge Harry Comerford of the Cook County Circuit Court, County Division, and executed a final and

irrevocable surrender for purposes of adoption, granting all custody and parental rights over her child to Claimant.

David was not gaining weight properly, and on April 12, 1978, Claimant hospitalized him at Mercy Hospital. He suffered from a disease which made it impossible for him to gain weight, so at the time of his hospitalization, he weighed less than when he was born. His condition ruled out adoption as an immediate option, and since Claimant had a voluntary consent from only one parent for that purpose, it "initiated planning for David as a dependent child."

The question of who was to pay for the hospital and medical expenses of the child was the subject of the entire hearing. The Court calls attention to the fact that the commissioner's hearing report consisted of 34 well-written pages.

Claimant takes the position that it had entered into an oral contract with Respondent to take and care for the child and that the medical expenses that were incurred during the time of determination as to who would be responsible for the care of the child would be paid by Respondent.

Respondent takes the position there was never any valid contract entered into, that it never had custody of the child, and that custody at all times remained with Claimant.

The record consists largely of conversations between Claimant and the Department of Children and Family Services (hereafter called DCFS). To say the least, the evidence is quite contradictory. Telephone communications at some length were introduced into

the record, Claimant trying to establish its conclusion that an oral contract was entered into, and Respondent using evidence to the contrary.

In the final consideration of this case, two Illinois statutes must be considered: The Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, pars. 701-1 through 708-4), and the Department of Children and Family Services Act (Ill. Rev. Stat. 1977, ch. 23, pars. 5001 through 5040). Certain rules and regulations of the DCFS must also be considered.

Claimant also claims that under the doctrine of estoppel its claim should be allowed. A recent Second District Illinois Appellate case defines estoppel as follows:

"Estoppel refers to reliance by one party on the word or conduct of another so that the party changes his position and subsequently suffers harm. (*Veno Co. v. Stoner* (1982), 108 Ill. App. 3d 51, 55, 438 N.E.2d 933). It arises whenever one by his conduct, affirmative or negative, intentionally or through culpable negligence, induces another to believe and have confidence in certain material facts, and the latter having the right to do so, relies and acts thereon, and is as a reasonable and inevitable consequence, misled, to his injury." (*Allstate Insurance Co. v. Horn* (1974), 24 Ill. App. 3d 583, 588, 321 N.E.2d 285.) Estoppel must be proven by clear unequivocal evidence." *Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 939, 445 N.E.2d 901, 908.

The record does not establish any set of facts on which an estoppel might be based. A preponderance of the evidence is that from the earliest date forward, Claimant knew DCFS was taking the juvenile court route rather than the voluntary placement agreement route, and that therefore the referral was subject to Court approval, which was never obtained.

The Court, having read the record, exhibits and briefs, does not find any theory upon which Claimant can recover.

Claimant's claim for an award is hereby denied and said cause is dismissed.